**Frank J. AMATO, Robert J. Andes, Er-nest R. Buntin, Raymond V. Carlisle, Henry Kee Che, Nicholas Cicero, Jo-seph Cilenti, Paul L. Coriaty, Robert C. Davis, Ronald D'Elia, Robert DeForge, Ernest Ford, Anthony J. Gargiulo, Nor-man Goldman, Gerald Green, Joseph A. Gregurich, Thomas G. Harrington, Frank A. Larkin, Salvatore Lifari, David Mallon, Frank P. Manzione, Richard W. Phillips, Nicholas F. Roto-lo, Bruce Rutherford, Thomas W. Smith, Arthur Tavenor, Eugene F. Ton-issen, Felix Vales, Jr., and Leonard L. Wisniewski, Plaintiffs,**

v.

**WESTERN UNION INTERNATIONAL, INC., M.C.I. Communications Corpora-tion, and Microwave Maintenance Cor-poration, Defendants.**

**No. 83 Civ. 2586 (JES).**

United States District Court, S.D. New York.

July 6, 1984.

Eisner & Levy, P.C., New York City, for plaintiffs; Richard A. Levy, New York City, of counsel.

Kramer, Levin, Nessen, Kamin & Frank-el, New York City, for defendants; Greg A. Danilow, New York City, of counsel.

O'Dwyer & Bernstien, New York City, for proposed intervenors; Brian O'Dwyer, New York City, of counsel.

## MEMORANDUM DECISION AND ORDER

SPRIZZO, District Judge.

Plaintiffs commenced the above-cap-tioned action alleging, *inter alia*, that de-fendants committed various violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1101–1368 (1982).

The plaintiffs are all long-term employees of defendant Western Union International, Inc. ("Western Union"), who are not covered by any collective bargaining agreement. An application to intervene in this action has been submitted on behalf of members of Local 111, American Communications Association, affiliated with the International Brotherhood of Teamsters ("Local 111"). For the following reasons, the Court concludes that the application to intervene should be denied.

First, Rule 24(c) of the Federal Rules of Civil Procedure provides that "A person desiring to intervene shall serve a motion to intervene .... The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought ...." No such pleading has accompanied this application.

Second, Rule 24(a) requires that an applicant seeking to intervene of right must "claim[ ] an interest relating to the property or transaction which is the subject of the action" and must be "so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest ...." That requirement is clearly not met by this application because the amendment to Western Union's pension plan at issue in the above-captioned action expressly does not apply to the proposed intervenors; it only applies to employees who were *not* covered by a collective bargaining agreement.

Third, it appears that any interest that the members of Local 111 might have in this action is adequately represented by the existing plaintiffs. Fed.R.Civ.P. 24(a)

## CONCLUSION

In accordance with the foregoing, Local 111's application to intervene in the above-captioned action is denied.

It is SO ORDERED.